Evans, J.
The principal question presented and argued on the demurrer to the petition involves the constitutionality of the legislative act of February 28, 1909 (99 O. L., 25), known as the railroad employers’ liability, act. This act provides that:
Every railroad company operating any railroad which is in whole or in part within this state shall be liable for all damáges sustained by any of its employes by reason of personal injury or death of such employe:
1. .When such is caused by a defect in any locomotive, engine, car, etc., required by such company to be used by its employes in and about the business of their employment, if such defect could have been discovered by reasonable and proper care, and such injured employe shall not be deémed to have assumed the risk occasioned by such defect, and the continuance in employment after knowledge of such defect by any employe sha.]] not be deemed an act of contributory negligence.
*274 Such liability attaches under this paragraph 2, although the injury was caused by the carelessness or negligence of any other employe, officer or agent of such company. Section 2 of said act provides that in all actions hereafter brought against any railroad company operating any railroad in whole or in part within this state, for personal injury or death of an employe, the fact that the employe may have been guilty of contributory negligence shall not bar a recovery where his contributory negligence was slight and that of the employer was greater in comparison. But the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employe. All questions of negligence and contributory negligence shall be for the jury.
It is claimed on behalf of the demurrer that by the use of the words “or in part” embodied in said act,- that the entire act is unconstitutional in that it invades the power conferred, upon Congress by Article I, Section 8 of the federal Constitution. That section of the Constitution provides that: “Congress shall have power to regulate commerce with foreign nations, among the several states, and with the Indian tribes.”
It is urged that said act in question undertakes to regulate interstate commerce because by its provisions it applies to all railroads operated in whole or in part within this state. Many authorities are cited in support of this contention, among which are the employers ’ liability cases, 207 U. S., 463, and the case of State of Wisconsin v. C., M. & St. P. Ry. Co., reported in 19 L. R. A. (N. S.), 326. I have examined all the cases cited by counsel in their briefs, both on behalf of and against said demurrer, and have reached the conclusion that inasmuch as Congress, by the .act of April 22, 1908, the present employers’ liability act, has taken jurisdiction to regulate fully as to all railroads engaged in interstate commerce, whose roads are partly in one state and partly in another, that the Legislature in the act in question, in attempting to include in its operations railroads operating partly in this state, has invaded said section of the federal Constitution, and for this reason said act is inoperative as to all railroads which are partly in this state, for the *275 reason that such roads are necessarily engaged in interstate commerce. ' '■ ’
The employers’ liability cases (supra) I think are decisive on this question."
The most serious question, and the one that, in my opinion, is more difficult of solution, is whether the provisions of said act are separable, and if the part thereof that applies to railroads operated wholly within this state can stand, although the part thereof that applies to railroads partly in this state must fall.
It: is claimed on the part of defendant-that said employers’ liability cases and said Wisconsin case is authority for the contedtion that the provisions of the act in question are indivisible, and can not be separated so as to sustain it as to railroads wholly within the state.
The court in holding said employers’ liability act of 1906 unconstitutional did so on the ground that said act, which was one addressed to all common carriers employed in interstate commerce, imposed a liability upon such carriers in favor of any of their employes, without qualification or restriction as'to the nature of the business at the time of the injury, and that this, of necessity, includes subjects wholly outside of the power of Congress under the commerce clause of the Constitution.
It is argued here that said case is authority in point that the provisions of the legislative act here under consideration are so dependent upon each other that they are indivisible, and that effect can not be given to the provisions applicable to railroads-wholly within the state by separating them from the provisions as to railroads partly within the state, and, hence, that the entire act is invalid. The court in the employer’s liability cases did hold said provisions indivisible, and that they could not be separated so as to uphold said act as related and confined to employes engaged in interstate business, as distinguished from' employes engaged by such carriers solely in intrastate business.
The ground upon which -the court so interpreted said act was, that the court could not construe the words “any employe,” as found in the statute, to mean any employe when such employe is engaged only in interstate commerce, because this would require the court to write into the statute words of limitation and re *276 striction not found in it; In other words, as-1 understand the decision, in order to uphold the contention of the Attorney-General, the court would be required to employ the legislative prerogative of writing into the statute limitations and restrictions as to the character of the' business' in which the employes were engaged. The court also held that to so modify the statute the effect would bé to restrict the operation of the statute to the District of Columbia and the territories.
The' court held that, where a statute contains provisions which are constitutional and others which are not, effect may be given to the legal provisions by separating them from the illegal; that this applies .only to a case where the provisions are separable and" not dependent upon the other, and it is plain that'Congress would have enacted the legislation with the unconstitutional provisions eliminated. " ' ■
In the case of Wisconsin v. C., M. & St. P. Ry. Co., 19 L. R. A., 326, similar questions were presented. The question was also made in the "Wisconsin case, that if it be beyond the power of the' state to restrict the services of an operator engaged in moving interstate trains, it is competent to so restrict as to one engaged ' exclusively upon, trains or business 'wholly within' the state, and that' the law may be construed as so limited, and its validity as so limited be sustained. • ■
It will be .observed that in both the Wisconsin ease and said employers’ cases this principle wás sought'to be invoked as to railroads doing interstate business, but limited to its trains' and operators engaged exclusively in intrastate business for such railroads.
Although the court held the doctrine to be sound even-as to railroads doing an interstate business, if it is reasonably possible to- separate the permissible from the forbidden, and to believe that the Legislature intended by the act to affect the' one and omit the other, but 'for ample reasons stated by the courts in said eases it was not possible to make such separation.
■ The- facts in the Wisconsin case show that said operators were engaged- in directing both local and interstate trains, and to so separate'it would be to restrict the employment of all operators, without discrimination as to the character of the services.
*277 In distinguishing the cited cases from the case at bar, it will appear that the facts differ in the following respect: ■ In both the employes ’ liability cases and the Wisconsin case all the railroads there involved were railroads engaged in-interstate commerce, and were railroads located partly in one state and partly in another. , . .
In the case .at bar, the defendant railroad is.one wholly within the state of Ohio, and there are no facts to show that it is engaged in interstate commerce.
In said cited cases of interstate railroads, it was contended.that as to the employes of said roads who. were engaged in doing the business of the road that was local in the state in which they were employed, as distinguished from those who were engaged in doing interstate business, that -the act should, be upheld as to the former, although it was invalid as to the latter. The court did not uphold this contention because it would involve a limitation and restriction as to the persons for whose benefit it should apply, and for what class of employes it should not apply.
In the Wisconsin case it would involve writing into the act when it would be operative as to a train dispatcher and when it should not. It was pointed out that a dispatcher.was employed in directing both local and interstate trains, that in the direction of interstate trains it was indispensable to direct local trains, so that it was impracticable to hold that said act can be upheld so as to apply to him when operating local trains only. In a construction of the act in question, on the facts as ..admitted by the demurrer, I am of the opinion that such difficulties do not arise.
It is conceded that if the Legislature had omitted from the act the words “ or in part,1 ’ that the act would be a valid act. .
In an endeavor to. divide and separate the provisions of .said act, we are not confronted with the difficulties encountered in the employer’s cases, or in the Wisconsin ease. In doing so it is not necessary to write anything into the act, nor is it necessary in so doing to hold it operative as to a certain class of employes, and not operative as to a certain other class of employes, of the same railroads.
To divide and separate its provisions is to hold said act inoperative as to all railroads that are only partly in Ohio which *278 do an interstate business, and operative as to all railroads and their employes in Ohio which railroads are wholly within the state.
While it is true this eliminates that provision of said act which the - Legislature sought to make applicable to railroads in part within this state.
But by such elimination the court does not add to or write anything into said act, and merely leaves it operative as to all railroads wholly within the state.
In my opinion, the cases cited on behalf of the demurrer are not inconsistent with this conclusion.
Whether it is plain that the Legislature would have enacted said legislation with the unconstitutional provision eliminated-is to be considered in determining this question.
Heretofore in legislation as to railroads, the Legislature has not attempted to include roads doing an interstate business. -
This is especially illustrated by the act of April 2, 1906 (98 O. L., 342), an act “To- regulate railroads and other common carriers in this state, create a board of railroad commissioners, prevent the imposition of unreasonable rates, prevent unjust discriminations and insure an adequate railway service. ’ ’ There was no intention or attempt to include in the provisions of said act railroads engaged in interstate commerce.
There may be some question as to whether the Legislature in the act in question intended to include in its operation railroads doing an interstate business. But as its language does include railroads partly in this state, and as such railroads operate partly in this state and partly in another state, and necessarily do an interstate business, said act can not be upheld as to such railroads.
My conclusion, therefore, is that said act is unconstitutional as to all railroads which are in part within this state, but that the provisions -of said act are divisible and separable, and that it is a valid -act as' to all railroads- wholly within the state.
As the defendant railroad is -one wholly within the state, said act is upheld as to its operation as to defendant.
The other questions raised by the demurrer have been decided' on motion by another branch of this court, sustaining the - petition in that regard.
*279 The demurrer -to the petition is overruled; exceptions. Leave for defendant to answer within rule.